**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SALVADOR ERNESTO RODRIGUEZ-ROSALES, | No. 10-73600 |
| Petitioner, | Agency No. A098-801-926 |
| v. | MEMORANDUM[*] |
| LORETTA E. LYNCH, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October, 14, 2015[**]

Before:     SILVERMAN, BYBEE, and WATFORD, Circuit Judges.

Salvador Ernesto Rodriguez-Rosales, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's decision denying his

application for asylum, withholding of removal, and protection under the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"), and denying his motion to remand. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008), and for abuse of discretion the denial of a motion to remand, *Malhi v. INS*, 336 F.3d 989, 993 (9th Cir. 2003). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the BIA's determination that Rodriguez-Rosales failed to establish past persecution or a fear of future persecution on account of a protected ground based on his experiences with gang members in El Salvador. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."); *see also Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) (the REAL ID Act "requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"). Thus, Rodriguez-Rosales's asylum and withholding of removal claims fail. *See Zetino*, 622 F.3d at 1015-16.

We lack jurisdiction to review the denial of Rodriguez-Rosales's CAT claim because he failed to exhaust it before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

Finally, the BIA did not abuse its discretion in denying Rodriguez-Rosales's motion to remand because he failed to demonstrate that his additional evidence was previously unavailable. *See* 8 C.F.R. § 1003.2(c)(1).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**